UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 CASE |
| | ) | |
| CARDIOLOGY CONSULTANTS OF NORTHWESTERN, P.C., | ) ) | CASE NO. 09-19004 |
| | ) | |
| | ) | HON. Timothy A. Barnes |
| Debtor. | ) ) | Hearing Date:  July 18, 2012 Hearing Time:  10:30 a.m. |

**COVER SHEET FOR APPLICATION FOR
PROFESSIONAL COMPENSATION**

Name of Applicant:     GUS A. PALOIAN, Chapter 7 Trustee

Date of Order Authorizing Employment:     May 27, 2009

Period for Which
Compensation is Sought:     May 27, 2009, through the close of the case

Amount of Fees Sought:     $3,166.38, subject to voluntary subordination of claim to administrative claims of Trustee's Attorneys and Trustee's Accountants

Amount of Expense
Reimbursement Sought:     $0.00

This is an:                                     Interim Application _____     Final Application:     X

If this is <u>not</u> the first application filed herein by this professional, disclose as to all prior fee applications:

| Date Filed | Period Covered | Total Requested (Fees & Expenses) | Total Allowed |
|---|---|---|---|
| | | | |
| | | | |

The aggregate amount of fees and expenses <u>paid</u> to the Applicant to date for services rendered and expenses incurred herein is:

Date:   June 11, 2012                            By:   /s/ Gus A. Paloian
                                                        Applicant: GUS A. PALOIAN, Chapter 7 Trustee

14419980v.1

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| In re: ) | Case No. 09-19004 |
| ) | Chapter 7 |
| CARDIOLOGY CONSULTANTS OF ) | |
| NORTHWESTERN, P.C., ) | Hon. Timothy A. Barnes |
| ) | |
| Debtor. ) | Hearing Date:  July 18, 2012 |
| ) | Hearing Time: 10:30 a.m. |

## FIRST AND FINAL APPLICATION FOR ALLOWANCE AND PAYMENT OF COMPENSATION TO CHAPTER 7 TRUSTEE

Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor"), respectfully requests (the "Application") that the Court enter an order, substantially in the form of that attached hereto, allowing and authorizing payment to the Trustee of $3,166.38 in final compensation (the "Fees") for services rendered in the above-captioned case from May 27, 2009, through the closing of the case (the "Application Period").  In support of this Application, the Trustee respectfully states as follows:

## I. JURISDICTION

1. This Court has subject matter jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334, and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(1) and (b)(2)(A) and/or (M). The predicates for the relief requested herein are 11 U.S.C. §§ 326(a) and 330(a), as supported by Federal Rules of Bankruptcy Procedure 2016(a), and 9034(e)

14419980v.1

## II. BACKGROUND

### A. Procedural Background

2. On May 27, 2009, the Debtor filed its voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code, 11 U.S.C. §§ 101 through 1330, as amended (the "Bankruptcy Code"), thereby commencing the above-captioned case (the "Case").

3. Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee in the Case.

### B. Overview of Asset Recoveries for the Estate

4. The Trustee recovered outstanding accounts receivable in excess of $12,000.00. In addition, the Trustee negotiated for the sale of the Debtor's personal property. Pursuant to this Court's order approving the proposed sale, the Trustee recovered gross proceeds of $12,000.00.

### C. Services Rendered by the Trustee to the Estate

5. During the Application Period, the Trustee performed 32.40 hours of actual and necessary services on behalf of the Estate, worth a total value of $6,401.50. Further, the Trustee estimates that he will perform an additional three hours of service, with a total value of $1,100.00, in connection with his appearance at the final hearing, preparation of the final distribution and preparation and filing of his final account. An itemized statement describing the Services is attached hereto as **Exhibit 1.**

6. The Services included, but were not limited to, the following:

   A. Instructing counsel to prepare necessary pleadings and motions in the cases;

   B. Reviewing schedules, bank ledgers and claims in preparation of final report;

14419980v.1

2

    C.    Communicating with tax accountants with respect to evaluating the Estate's tax obligations; directing the accountants to prepare required tax returns; and compiling information as needed by the accountants for the preparation of Estate tax returns;

    D.    Maintaining Estate's bank accounts, performing bank reconciliations and investing the funds collected and liquidated; and

    E.    Preparing reports, as required, by the United States Trustee.

### III. RELIEF REQUESTED

7. The Trustee respectfully requests that the Court allow and award him, on a final basis, the Fees and authorize the him to pay the Fees out of Estate funds, for services rendered in the Case, subject to the voluntary subordination of the Fees to the allowed administrative expense claims of Trustee's Attorneys and Trustee's Accountants (collectively, the "Professional Claims"). A draft order granting such relief is attached hereto for the Court's consideration.

### IV. BASIS FOR REQUESTED RELIEF

#### A. Applicable Standards for Trustee Compensation

8. Sections 326(a) and 330(a) of the Bankruptcy Code guide the Court in determining the amount of compensation to be awarded to a trustee. See Staiano v. Cain (In re Lan Assocs. XI, L.P.), 192 F.3d 109, 115 (3d Cir. 1999); In re Jenkens, 130 F.3d 1335, 1337 (9th Cir. 1997).

9. Section 326(a) of the Bankruptcy Code limits the maximum amount of compensation that may be awarded to a trustee. See id.; In re Churchfield Mgmt. & Inv. Corp., 98 B.R. 838, 889 (Bankr. N.D. Ill. 1989) (Schmetterer, J.). This amount is "calculated by a

percentage of the moneys brought into the Estate by the trustee's services." Churchfield Mgmt. & Inv. Corp., supra. In this respect, Section 326(a) of the Bankruptcy Code provides, as follows:

> In a case under chapter . . . 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a).

10. The Court has the power to determine the reasonableness of the compensation requested by a trustee, up to the statutory limit. See In re The Landing, Inc., 142 B.R. 169, 171 (Bankr. N.D. Ohio 1992) (collecting cases).

11. In this connection, Section 330(a)(1) of the Bankruptcy Code enumerates the general standard for approving trustee requests for compensation, as follows:

> (a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court may award to a trustee, . . . [or to] a professional person employed under section 327 or 1103—
>   (A) reasonable compensation for actual, necessary services rendered by the trustee, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
>   (B) reimbursement for actual, necessary expenses.

11 U.S.C. § 330(a)(1).

12. "The ultimate issue to be reached is the question of the extent, value, necessity and reasonableness of the work performed for which compensation is sought by the Trustee and the attorneys and paralegals for the Trustee[.]" In re Prairie Cent. Ry. Co., 87 B.R. 952, 956 (Bankr. N.D. Ill. 1988) (Squires, J.).

14419980v.1

13. The Trustee respectfully submits that the Application provides the Court with the information necessary to determine the Trustee's reasonable compensation.

### B. Application of the Cited Standards to the Requested Relief

14. This Application is the Trustee's first and final application for compensation in this Case.

15. The Section 326(a) calculation permits the Trustee to receive a potential total fee award of up to $3,166.37.

16. As part of this Application, the Trustee requests that he be authorized to pay the amount awarded from the funds on hand in the case, subject to the voluntary subordination as more fully described herein, and that the monies awarded and paid to Trustee be deemed final.

### V. TRUSTEE'S FINAL REQUEST FOR COMPENSATION

17. The maximum compensation allowable to Trustee based upon Section 326(a) of the Bankruptcy Code is calculated as follows:

| | | |
|---|---|---|
| 25% of the first $5,000.00 disbursed | = | $1,250.00 |
| 10% of the next $19,163.70 disbursed | = | $1,916.37 |
| MAXIMUM COMPENSATION ALLOWABLE | = | $3,166.37 |
| **COMPENSATION REQUESTED** | = | **$3,166.37** |

18. As of April 18, 2012, the Trustee collected $24,163.70 for the benefit of the Estate and disbursed $7,278.48. There will be no funds turned over to the Debtor in the Case.

19. The Trustee requests allowance of final compensation in this case in the amount of $3,166.37. The amount requested is equal to the maximum compensation allowable as set forth above.

20. The Estate is administratively insolvent despite the Trustee's best efforts to liquidate the Debtor's personal property, and otherwise administer the Estate, for the benefit of

14419980v.1

5

the Debtor's creditors. The Trustee requests that he be authorized to subordinate his claim for Trustee's compensation to the Professional Claims and that he is authorized to pay in full the Professional Claims before the payment of Trustee compensation requested herein.

21.   The Trustee believes that the Trustee's request for compensation is justified under a reasonableness analysis of the facts of this case.

### VI. **NO PRIOR REQUEST**

22.   No prior request for the relief requested by this Application has been made to this Court or to any other court.

WHEREFORE, Gus A. Paloian, not individually or personally, but solely in his capacity as the duly-appointed Trustee of the Debtor's Estate, respectfully requests that the Court enter an Order:

    A.   Allowing and awarding compensation to Trustee in the amount of $3,166.38 on a final basis;

    B.   Authorizing the Trustee to pay the amount awarded, subject to the voluntary subordination of the Professional Claims, from the funds held on account in the Estate as part of his final distribution; and

    C.   Granting such other and further relief as the Court deems just and proper.

Dated: June 11, 2012                              Respectfully submitted,

                                                      SEYFARTH SHAW LLP

                                                      By:/s/ Gus A. Paloian
                                                         Gus A. Paloian (06188186)
                                                         SEYFARTH SHAW LLP
                                                        131 South Dearborn Street
                                                         Suite 2400
                                                         Chicago, Illinois 60603-5577
                                                       Telephone: (312) 460-5000

14419980v.1

# EXHIBIT 1

14419980v.1

## **T TRUSTEE**

| **Date** | **Timekeeper** | **Description** | **Hours** | **Value** |
|---|---|---|---|---|
| 06/08/09 | G. Paloian | Prepare correspondence to Debtor's counsel regarding additional documentation needed in advance of meeting of creditors. | 0.30 | 162.00 |
| 07/20/09 | J. McManus | Set up bank accounts in TCMS (.10); review scheduled assets and enter same into TCMS (.30). | 0.40 | 92.00 |
| 07/21/09 | J. McManus | Enter asset information into TCMS (.30); confer with N. Bouchard regarding same (.10). | 0.40 | 92.00 |
| 07/21/09 | N. Bouchard | Open checking and money market accounts. | 0.20 | 21.00 |
| 07/22/09 | N. Bouchard | Attend to deposit of multiple checks (66 total) regarding funds recovered by Medi-Data Services (2.00); copy same for files (.30); enter same into Epiq Systems receipts log (1.20). | 3.50 | 367.50 |
| 07/23/09 | J. McManus | Review schedule F and import same into TCMS (.40); review deposits (.10). | 0.50 | 115.00 |
| 07/29/09 | N. Bouchard | Prepare banking file. | 0.10 | 10.50 |
| 08/12/09 | J. McManus | Create and update banking file. | 0.20 | 46.00 |
| 08/13/09 | N. Bouchard | Reconcile bank statements for month of July. | 0.10 | 10.50 |
| 08/17/09 | J. McManus | Attend to bank reconciliations. | 0.20 | 46.00 |
| 08/24/09 | N. Bouchard | Update banking file. | 0.10 | 10.50 |
| 09/10/09 | N. Bouchard | Prepare check for outstanding U-Stor-It fees. | 0.20 | 21.00 |
| 09/11/09 | N. Bouchard | Send payment to U-Stor-It regarding same. | 0.10 | 10.50 |
| 09/14/09 | J. McManus | Revise case status report for meeting with Trustee. | 0.20 | 46.00 |
| 09/15/09 | N. Bouchard | Deposit accounts receivable funds (.20); phone call to KCA Financial regarding collection efforts (.40). | 0.60 | 63.00 |
| 09/16/09 | J. McManus | Revise Case Status Report; meeting with G. Paloian regarding case status | 0.10 | 23.00 |
| 10/01/09 | N. Bouchard | Reconcile monthly bank statements. | 0.10 | 10.50 |
| 10/09/09 | G. Paloian | Telephone conference with potential purchaer regarding sale of equipment. | 0.20 | 108.00 |
| 10/09/09 | N. Bouchard | Phone conversation with Terri Santiago regarding monthly fees owed for Debtor's storage unit (.10); attend to payment regarding same (.30). | 0.40 | 42.00 |
| 10/12/09 | N. Bouchard | Phone conversation with counsel for Wells Fargo regarding status of sale of Debtor's collateral. | 0.10 | 10.50 |
| 10/20/09 | J. McManus | Deposit accounts receivable funds. | 0.20 | 46.00 |

14373891v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 10/22/09 | N. Bouchard | Deposit funds (4 checks) from KCA Financial. | 0.30 | 31.50 |
| 10/30/09 | N. Bouchard | Phone call to Advocate Trinity hospital regarding follow-up on retrieval of pension documents. | 0.10 | 10.50 |
| 11/02/09 | N. Bouchard | Reconcile monthly bank statements (.10); update banking file (.10). | 0.20 | 21.00 |
| 11/06/09 | N. Bouchard | Deposit funds collected by KCA Financial. | 0.30 | 31.50 |
| 11/23/09 | N. Bouchard | E-mail correspondence to Lynn Zoiopolous regarding keys to storage locker (.10); phone call to same regarding same (.10). | 0.20 | 21.00 |
| 11/24/09 | N. Bouchard | Follow-up phone call to area manager for U-Stor-It regarding access to Debtor's unit. | 0.10 | 10.50 |
| 11/30/09 | J. McManus | Revise creditor matrix. | 0.40 | 92.00 |
| 12/04/09 | N. Bouchard | Deposit funds collect by KCA Financial (.20); log check in TCMS (.10). | 0.30 | 31.50 |
| 12/07/09 | N. Bouchard | Reconcile monthly bank statements (.10); update banking file (.10). | 0.20 | 21.00 |
| 12/08/09 | N. Bouchard | Attend to payment of December rent for U-Stor-It (.30); multiple phone calls regarding set-up of appointment to inventory contents of storage unit (.40). | 0.70 | 73.50 |
| 12/11/09 | J. McManus | Review docket regarding claims bar date for G. Paloian. | 0.10 | 23.00 |
| 12/14/09 | G. Paloian | Review inventory of personal property. | 0.30 | 162.00 |
| 12/17/09 | J. McManus | Prepare case status report. | 0.30 | 69.00 |
| 12/17/09 | N. Bouchard | Reconcile monthly bank statements. | 0.10 | 10.50 |
| 12/29/09 | N. Bouchard | Review schedules and claims register regarding secured claims by Baytree Leasing Co. | 0.10 | 10.50 |
| 12/30/09 | J. McManus | Revise Form 3. | 0.10 | 23.00 |
| 01/05/10 | G. Paloian | Review and counteroffer of purchase. | 0.30 | 166.50 |
| 01/05/10 | N. Bouchard | Attend to payment of January U-Stor-It rent fees. | 0.30 | 33.00 |
| 01/08/10 | J. McManus | Prepare Annual Report. | 0.20 | 47.00 |
| 01/12/10 | J. McManus | Update Assets ledger in preparation for Annual Report. | 0.30 | 70.50 |
| 01/13/10 | N. Bouchard | Deposit collection funds from KCA Financial (.20); log check in TCMS (.10). | 0.30 | 33.00 |
| 01/19/10 | J. McManus | Enter scheduled assets into TCMS. | 0.30 | 70.50 |
| 01/25/10 | J. McManus | Revise Form 2. | 0.20 | 47.00 |
| 01/26/10 | J. McManus | Review and revise Form 1. | 0.20 | 47.00 |

14373891v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 01/26/10 | N. Bouchard | Assist J. McManus in preparation of final report. | 0.90 | 99.00 |
| 01/27/10 | J. McManus | Revise and finalize Form 1. | 0.10 | 23.50 |
| 01/28/10 | N. Bouchard | Attend payment of U-Stor-It February rent. | 0.30 | 33.00 |
| 01/29/10 | N. Bouchard | Reconcile monthly bank statements. | 0.10 | 11.00 |
| 02/05/10 | N. Bouchard | Attend to deposit of accounts receivables collected by KCA Financial (.10); log same in TCMS (.10). | 0.30 | 37.50 |
| 02/23/10 | N. Bouchard | Reconcile monthly bank statements. | 0.10 | 12.50 |
| 03/01/10 | N. Bouchard | Update banking file. | 0.20 | 25.00 |
| 03/02/10 | N. Bouchard | Transfer funds into checking account regarding payment of U-Stor-It rent of month of March (.10); prepare check regarding same (.20). | 0.30 | 37.50 |
| 03/08/10 | N. Bouchard | Attend to deposit of funds received from KCA Financial (.20); enter check information in TCMS receipts log (.10). | 0.30 | 37.50 |
| 03/11/10 | J. McManus | Download annual Forms 1 & 2 and cause same to be filed with the Court. | 0.30 | 70.50 |
| 03/12/10 | J. McManus | Review recently filed administrative and priority claims (.20); download same into TCMS (.30). | 0.50 | 117.50 |
| 04/02/10 | N. Bouchard | Prepare check for payment of April rental fees at U-Stor-It storage facilities. | 0.20 | 25.00 |
| 04/15/10 | N. Bouchard | Deposit funds received from KCA Financial (.20); log check information in TCMS (.10). | 0.30 | 37.50 |
| 04/20/10 | J. McManus | Confer with N. Bouchard regarding settlement funds. | 0.10 | 23.50 |
| 04/21/10 | N. Bouchard | Meet with Dr. Sharma to pick up check (.10); enter check information into receipts log in TCMS (.10); deposit same into Estate account (.30). | 0.50 | 62.50 |
| 04/23/10 | N. Bouchard | Prepare payment to Wells Fargo Bank regarding lease and security interest of same in certain equipment sold to Dr. Sharma. | 0.30 | 37.50 |
| 05/11/10 | N. Bouchard | Deposit funds received from KCA Financial (.20); log check information into TCMS (.10). | 0.30 | 37.50 |
| 05/18/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 07/07/10 | J. McManus | Confer with N. Bouchard regarding case status. | 0.10 | 23.50 |
| 08/27/10 | J. McManus | Investigate status, revise status report and prepare for case status meeting with G. Paloian and R. Podorovsky (.10); attend meeting regarding same (.20). | 0.30 | 70.50 |

3

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 08/27/10 | R. Knapp | Meet with G. Paloian regarding: issues to close case and preparation of TFR (.30); memo regarding: work to be done (.20). | 0.50 | 110.00 |
| 08/30/10 | J. McManus | Confer with L. West regarding tax return requirement (.10); review file regarding prior tax returns (.10); review claims register (.10). | 0.30 | 70.50 |
| 09/01/10 | J. McManus | Run draft distribution report for G. Paloian. | 0.30 | 70.50 |
| 09/21/10 | J. McManus | Revise case status report. | 0.10 | 23.50 |
| 09/27/10 | J. McManus | Prepare Trustee Fee Application. | 0.30 | 70.50 |
| 10/20/10 | J. McManus | Assemble tax documents for L. West. | 0.20 | 47.00 |
| 10/29/10 | J. McManus | Prepare case status report. | 0.20 | 47.00 |
| 11/01/10 | J. McManus | Reconcile bank accounts. | 0.10 | 23.50 |
| 12/06/10 | J. McManus | Prepare case status report. | 0.20 | <u>47.00</u> |
| 01/13/11 | J. McManus | Revise Form 3 for Annual Report. | 0.20 | 49.00 |
| 02/01/11 | J. McManus | Confer with G. Paloian regarding Annual Report (.10); revise Form 2 regarding same (.20). | 0.30 | 73.50 |
| 02/14/11 | J. McManus | Telephone conference with L. West regarding final tax returns (.20); assemble additional tax materials regarding same (.20). | 0.40 | 98.00 |
| 02/15/11 | J. McManus | Prepare case status report for quarterly review with G. Paloian. | 0.20 | 49.00 |
| 02/20/11 | J. McManus | Assemble tax return materials for L. West. | 0.20 | 49.00 |
| 02/23/11 | A. Shepro | Compile Forms 1 and 2 from TCMS and email to Lois West, CPA (.10); find and forward to L. West communication between myself and debtor's counsel, L. Ottenheimer, for tax return info (.10). | 0.20 | 17.00 |
| 03/07/11 | A. Shepro | Reconcile January bank statements (.10); compile December and January bank statements and reconciliations for filing (.10). | 0.20 | 17.00 |
| 03/18/11 | J. McManus | Assemble Forms 1 & 2 for filing with Court. | 0.10 | 24.50 |
| 04/18/11 | A. Shepro | Reconcile March bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 05/11/11 | A. Shepro | Reconcile April bank statements (.10), and file (.10); reorganize banking file in chronological order for January 2011 - April 2011 (.20). | 0.40 | 34.00 |
| 05/12/11 | J. McManus | Telephone conference with R. Jackson regarding pre-petition tax returns. | 0.10 | 24.50 |

14373891v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 05/12/11 | A. Shepro | Organize banking file with latest bank statements and organize check receipts. | 0.30 | 25.50 |
| 05/25/11 | J. McManus | Prepare case status report. | 0.10 | 24.50 |
| 05/27/11 | J. McManus | Review case status/closing. | 0.10 | 24.50 |
| 05/27/11 | R. Knapp | Review status of case (.10); review claims (.10). | 0.20 | 46.00 |
| 06/27/11 | A. Shepro | Reconcile May bank statements (.10), and file (.10). | 0.20 | 17.00 |
| 06/29/11 | G. Paloian | Communications with J. McManus regarding final tax returns and case closing. | 0.20 | 115.00 |
| 06/29/11 | J. McManus | Review 2007 return received from the business owner's personal bankruptcy counsel (.10); email communication with L. West forwarding same and requesting status (.10). | 0.20 | 49.00 |
| 07/05/11 | J. McManus | Follow-up regarding status of tax return preparation. | 0.10 | 24.50 |
| 07/27/11 | A. Shepro | Reconcile June bank statements (.10); and file (.10). | 0.20 | 17.00 |
| 08/18/11 | J. McManus | Prepare case status report. | 0.20 | 49.00 |
| 09/20/11 | J. McManus | Telephone call to L. West regarding status of tax returns (.10); run draft Final Report (.30); discuss same with R. Knapp-Podorovsky (.10). | 0.50 | 122.50 |
| 10/04/11 | J. McManus | Prepare case status report. | 0.10 | 24.50 |
| 10/04/11 | R. Knapp | Review bank accounts to analyze for minimization of technology service fee (.10); transfer funds and close account to minimize fees (.20). | 0.30 | 69.00 |
| 11/02/11 | A. Shepro | Reconcile August (.10) and September (.10) Bank of America account statements. | 0.20 | 17.00 |
| 11/06/11 | J. McManus | Prepare October cash flow spreadsheet. | 0.10 | 24.50 |
| 11/22/11 | J. McManus | Prepare draft Final Report. | 0.40 | 98.00 |
| 11/29/11 | J. McManus | Reconcile bank accounts (.20); prepare W-9 for Associated Bank Account (.20); prepare wire instructions form for transfer of funds from Bank of America to Associated Bank (.40). | 0.80 | 196.00 |
| 11/29/11 | R. Knapp | Prepare/compile documents for transfer of estate bank accounts | 0.40 | 92.00 |
| 12/02/11 | R. Knapp | Reconcile Estate account | 0.10 | 23.00 |
| 01/04/12 | J. McManus | Prepare Annual Report. | 0.20 | 51.00 |
| 01/17/12 | R. Knapp | Update system with recent account activity as needed in preparation of interim reports. | 0.30 | 72.00 |
| 01/30/12 | J. McManus | Revise Annual Report. | 0.30 | 76.50 |

5

14373891v.1

| Date | Timekeeper | Description | Hours | Value |
|---|---|---|---|---|
| 01/31/12 | J. McManus | Assemble Forms 1 & 2 for L. West (.10); run draft final report (.40); assemble fee detail for L. West (.20). | 0.70 | 178.50 |
| 01/31/12 | A. Shepro | Compile tax documents from Debtor for J. McManus. | 0.10 | 9.00 |
| 02/23/12 | G. Paloian | Review and execute estate tax returns. | 0.60 | 360.00 |
| 02/24/12 | J. McManus | Review/file 2009, 2010, 2011 and 2012 IRS and IDOR returns (.40); review K-1s and forward same (.10). | 0.50 | 127.50 |
| 02/28/12 | J. McManus | Prepare prompt determination letter to IRS and IDOR (.40); submit same (.10). | 0.50 | 127.50 |
| | | **TOTALS** | **32.40** | **$6,401.50** |

14373891v.1