## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Case No. 09-19004 |
| | ) | Chapter 7 |
| CARDIOLOGY CONSULTANTS OF | ) | |
| NORTHWESTERN, P.C., | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**COVER SHEET FOR FIRST AND FINAL APPLICATION FOR
COMPENSATION AND EXPENSE REIMBURSEMENT OF SEYFARTH SHAW LLP
AS COUNSEL TO CHAPTER 7 TRUSTEE, GUS A. PALOIAN**

Name of Applicant:                           Seyfarth Shaw LLP

Authorized to Provide
Professional Services to:                    Chapter 7 Trustee, Gus A. Paloian

Date of Retention:                           December 8, 2009, effective as of May 27, 2009

Period for which Compensation
and Reimbursement is Sought:                 June 8, 2009 through the close of the case

Amount of Final Compensation
Sought:                                      $14,263.00

Amount of Final Expense
Reimbursement Sought:                        $309.75

This is a:      X   Final          ____   Interim Application.

Prior Applications:  None

Dated: June 11, 2012                         Respectfully submitted,

                                             GUS A. PALOIAN, not individually or
                                             personally, but solely in his capacity as the
                                             Chapter 7 Trustee of the Debtor's Estate,

                                             By:/s/ Gus A. Paloian
                                                Gus A. Paloian (06188186)
                                                James B. Sowka (6291998)
                                                SEYFARTH SHAW LLP
                                                131 South Dearborn Street
                                                Suite 2400
                                                Chicago, Illinois 60603
                                                Telephone:  (312) 460-5000
                                                Facsimile:  (312) 460-7000

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| In re: | ) | Case No. 09-19004 |
| | ) | Chapter 7 |
| CARDIOLOGY CONSULTANTS OF | ) | |
| NORTHWESTERN, P.C., | ) | Hon. Timothy A. Barnes |
| | ) | |
| Debtor. | ) | Hearing Date: July 18, 2012 |
| | ) | Hearing Time: 10:30 a.m. |

**FIRST AND FINAL APPLICATION FOR COMPENSATION AND EXPENSE
REIMBURSEMENT OF SEYFARTH SHAW LLP AS COUNSEL
TO CHAPTER 7 TRUSTEE GUS A. PALOIAN
FROM JUNE 8, 2009 THROUGH THE CLOSE OF THE CASE**

Pursuant to Sections 105(a) and 330 of the United States Bankruptcy Code, Seyfarth

Shaw LLP ("Seyfarth"), as counsel to Gus A. Paloian, not individually or personally, but solely

in his capacity as the duly-appointed Chapter 7 trustee (the "Trustee") of the bankruptcy estate

(the "Estate") of the above-captioned debtor (the "Debtor"), hereby submits its First and Final

Application for Compensation and Expense Reimbursement (the "Application") for legal

services performed, and expenses incurred, during the period of June 8, 2009, through the close

of the case (the "Application Period").  In support of this Application, Seyfarth respectfully

represents, as follows:

## I.  INTRODUCTION

1.      Seyfarth makes this Application pursuant to:  (A) Sections 330, 503(a) and (b),

and 507(a)(2) of title 11 of the United States Code, 11 U.S.C. §§ 101 through 1330, as amended

(the "Bankruptcy Code");  (B) Rule 2016 of the Federal Rules (the "Rules") of Bankruptcy

Procedure;  (C) certain applicable provisions of the Guidelines for Reviewing Applications for

Compensation and Reimbursement of Expenses Filed under 11 U.S.C. § 330, as adopted by the

Office of the United States Trustee;  (D) Rule 5082-1 of the Local Bankruptcy Rules (the "Local

Rules") for the United States Bankruptcy Court for the Northern District of Illinois (the "Court");

(E) that certain Order of the Court, dated December 8, 2009, authorizing Seyfarth's retention as

counsel to the Trustee effective as of May 27, 2009 (the "Seyfarth Retention Order"); and (F)

other applicable case law discussed herein (collectively, the "Authorities for Relief"). In this

regard, Seyfarth has made every reasonable effort to comply with the Authorities for Relief.

2.      In making this Application, Seyfarth respectfully seeks an Order of this Court

awarding and authorizing payment from the Estate of final allowance of compensation in the

amount of $14,263.00 (the "Fees") for professional services rendered by Seyfarth on behalf of

the Trustee during the Application Period and for reimbursement of expenses in the amount of

$309.75 (the "Expenses") for actual and necessary expenses incurred by Seyfarth in the

performance of those services.

## II.  JURISDICTION

3.      This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and

1334. This matter is before the Court pursuant to 28 U.S.C. § 157 and Internal Operating

Procedure 15(a) of the United States District Court for the Northern District of Illinois. Venue of

this Case and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

Consideration of this Application is a core proceeding pursuant to 28 U.S.C. § 157(b)(1) and

(b)(2)(A), (M), and/or (O). The predicates for the relief requested herein are 11 U.S.C. §§

105(a), 330, and 331.

## III.  BACKGROUND

### A.      Case Background

4.      On May 27, 2009 (the "Petition Date"), the Debtor filed its voluntary petition for

relief under Chapter 7 of the Bankruptcy Code thereby initiating this case (the "Case").

14420117v.1

5.       Shortly thereafter, Gus A. Paloian was appointed as Chapter 7 Trustee for the Estate.

6.       Seyfarth was employed as attorneys for the Trustee pursuant to the Seyfarth Retention Order.  A copy of the Seyfarth Retention Order is attached hereto as **Exhibit 1.**

## B.     <u>Summary of Services Rendered by Seyfarth to the Trustee</u>

7.       This is Seyfarth's First and Final Application for compensation and expense reimbursement in the Case.

8.       Seyfarth has neither previously received nor been awarded any compensation of fees, or reimbursement of expenses incurred, related to the Case during the Application Period.

9.       In accordance with Section 504 of the Bankruptcy Code, Rule 2016, and the U.S. Trustee Guidelines, no payments have heretofore been made, promised to, or applied by Seyfarth for services rendered or to be rendered or expenses incurred in any capacity whatsoever in connection with the Case.  Moreover, no agreement or understanding exists between Seyfarth and any other entity for a division of compensation or expense reimbursement to be received herein or in connection with the Case, other than as permitted under the Bankruptcy Code and Rules.

10.      The Fees requested by Seyfarth for legal services rendered to the Trustee during the Application Period aggregate $14,263.00.  A breakdown of this amount by each Seyfarth professional; each such professional's title, hourly rate, and total hours expended in providing legal services; and the value attributable to such legal services is, as follows:

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloian | Partner | $540.00 (2009) | 7.00 | $3,780.00 |
| James B. Sowka | Sr. Associate | $310.00 (2009) | 6.40 | $1,997.00 |

3

14420117v.1

| PROFESSIONAL | TITLE | HOURLY RATES | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| | | $375.00 (2011) | | |
| M. Ryan Pinkson | Associate | $280.00 (2009)<br>$295.00 (2010)<br>$330.00 (2011) | 10.60 | $3,125.50 |
| Jennifer M. McManus | Paralegal | $230.00 (2009)<br>$235.00 (2010)<br>$245.00 (2011) | 3.70 | $867.50 |
| Ricki Knapp-Podorovsky | Paralegal | $240.00 (2012) | 3.40 | $822.00 |
| Nina Bouchard | Former Paralegal | $105.00 (2009)<br>$110.00 (2010) | 29.90 | $3,333.00 |
| Alice Shepro | Case Asst. | $80.00 (2010)<br>$85.00 (2011)<br>$90.00 (2012) | 4.00 | $338.00 |
| **TOTAL:** | | | **65.00** | **$14,263.00** |

The above-table indicates the respective discounted hourly rates of Seyfarth professionals during the Application Period as adjusted from time to time by Seyfarth pursuant to its normal and customary billing practices.

11.    Biographies for the attorneys listed above describing their qualifications and areas of expertise, are grouped and attached hereto as **Exhibit 2,** which is incorporated herein by reference.

12.    During the Application Period, Seyfarth made every reasonable effort to have the services that it rendered to the Trustee performed by those qualified professionals charging the lowest hourly rates consistent with the level of service, experience, and efficiency required of a given task.

14420117v.1

13.     All of the Fees for which Seyfarth requests final allowance and payment of compensation relate to the Application Period and were rendered in connection with the Case and in the discharge of Seyfarth's professional responsibilities as counsel to the Trustee.

14.     Seyfarth respectfully submits that its services to the Trustee during the Application Period have, in all respects, been reasonable, necessary, and beneficial to the Estate, as further discussed herein.

15.     During the Application Period, Seyfarth has rendered 65.00 hours.  All of the Fees for which Seyfarth requests allowance and payment of compensation relate to the Application Period.  Copies of all such records for the Application Period are attached hereto as **Exhibit 3**.

16.     The services rendered by Seyfarth on behalf of the Trustee primarily have been in connection with the liquidation of the Estate's property.  For the Court's convenience, Seyfarth has separated the services in three categories below:

A.     **Case Administration:**  Seyfarth represented the Trustee with respect to general case administration matters, including obtaining the turnover of various documents required and requested by the Trustee for his administration of the Case; advising and assisting the Trustee in the recovery of the Debtor's outstanding accounts receivable which realized more than $12,000.00 for the benefit of the Estate's creditors; the preparation of the Trustee's Motion to Retain Attorneys and the Trustee's Motion to Retain Accountants.  In connection with the foregoing, Seyfarth has expended 22.10 hours of services for which it requests compensation in the amount of $3,773.00;

A breakdown of the professional services in this category is as follows:

14420117v.1

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | 2010 HOURLY RATE | 2011 HOURLY RATE | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|---|---|
| Gus A. Paloian PARTNER–CHICAGO | $540.00 | N/A | N/A | N/A | 1.20 | $648.00 |
| James B. Sowka SR. ASSOCIATE—CHICAGO | $310.00 | N/A | $375.00 | N/A | 0.50 | $168.00 |
| M. Ryan Pinkston ASSOCIATE—CHICAGO | $280.00 | N/A | $330.00 | N/A | 2.10 | $618.00 |
| Jennifer McManus PARALEGAL–CHICAGO | $230.00 | $235.00 | $245.00 | N/A | 3.70 | $867.50 |
| Nina Bouchard FORMER PARALEGAL–CHICAGO | $105.00 | $110.00 | N/A | N/A | 10.60 | $1,133.50 |
| Alice Shepro CASE ASST--CHICAGO | N/A | $80.00 | $85.00 | $90.00 | 4.00 | $338.00 |
| **TOTAL** | | | | | **22.10** | **$3,773.00** |

B.     **Fee Applications:**  Seyfarth prepared this Application.  In connection with the foregoing, Seyfarth has expended 3.40 hours of services for which it requests compensation in the amount of $822.00;

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2012 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|
| Ricki Knapp-Podorovsky PARALEGAL–CHICAGO | $240.00 | 3.40 | $822.00 |
| **TOTAL** | | **3.40** | **$822.00** |

C.    **Sale of Property**: Seyfarth advised the Trustee as to the sale of the

Estate's interest in personal property comprised of certain inventory and equipment ("Property");

Seyfarth represented the Trustee in negotiations with the potential purchaser; Seyfarth

investigated, verified and determined the liens on the Property and advised the Trustee as to the

validity of liens asserted against the proceeds of the proposed sale; upon the Trustee's request,

Seyfarth prepared the Trustee's Motion to Sell the Property and represented the Trustee at the

Court hearing in connection therewith; and Seyfarth represented the Trustee in negotiations with

a creditor who asserted a lien against the proposed sale proceeds.  As a result of these efforts, the

Trustee recovered gross proceeds of $12,000.00 for the benefit of the Estate's creditors.  In

connection with the foregoing, Seyfarth expended 39.50 hours of time for which it requests

compensation in the amount of $9,668.00.

A breakdown of the professional services in this category is as follows:

| PROFESSIONAL, TITLE AND LOCATION | 2009 HOURLY RATE | 2010 HOURLY RATE | TOTAL HOURS | VALUE |
|---|---|---|---|---|
| Gus A. Paloain PARTNER—CHICAGO | $540.00 | N/A | 5.80 | $3,132.00 |
| James B. Sowka SR. ASSOCIATE—CHICAGO | $310.00 | N/A | 5.90 | $1,829.00 |
| M. RYAN PINKSTON ASSOCIATE—CHICAGO | N/A | $295.00 | 8.50 | $2,507.50 |
| Nina Bouchard FORMER PARALEGAL-CHI | $105.00 | $110.00 | 19.30 | $2,199.50 |
| **TOTAL** | | | **39.50** | **$9,668.00** |

17.    During the Application Period, Seyfarth expended 3.40 hours of time, worth a

value of $822.00, in preparing the Application.

14420117v.1

18.    "Section 330(a) [ ] expressly contemplates compensation for preparation of fee applications." <u>Smith v. Edwards & Hale, Ltd.</u> (<u>In re Smith</u>), 317 F.3d 918, 927 (9th Cir. 2002), <u>cert. denied sub nom.</u> <u>Smith v. Grimmett</u>, 538 U.S. 1032, 123 S. Ct. 204, 155 L. Ed. 2d 1060 (2003); <u>see</u> 11 U.S.C. § 330(a)(6).

### C.    **Reasonableness of Compensation Requested**

19.    In accordance with 11 U.S.C. § 330(a)(1), Seyfarth seeks reasonable compensation for actual and necessary services provided to the Trustee.  Such compensation is fair based upon the time, nature, extent and value of such services and the hours expended and the expertise provided.  Seyfarth's efforts have resulted in tangible and substantial benefit to the Estate, as discussed *supra*.

20.    Seyfarth has kept its time in tenths of an hour, or six minute increments, to most accurately reflect the specific tasks performed.

21.    Seyfarth has, to the best of its ability, kept to a minimum the amount of time spent by its attorneys engaging in intra-office conferences and double-staffing hearings.

22.    Under the circumstances, the compensation requested by Seyfarth is fair and reasonable, and its allowance and payment, in full, is justified.

### D.    **Expenses Incurred by Seyfarth on behalf of Trustee**

23.    Seyfarth has incurred actual and necessary expenses in the amount of $309.75 in the performance of the services rendered to the Trustee in the Case.  The expenses primarily relate to photocopying of pleadings filed with the Court and costs associated with conducting a lien search of the Debtor's assets.  A detailed listing of the expenses incurred is attached hereto as **Exhibit 4**.

14420117v.1

## IV.  STATEMENT OF APPLICANT PURSUANT
## TO 11 U.S.C. § 504 AND FED R. BANKR. P. 2016

24.     Other than as provided in 11 U.S.C. § 504(b), Seyfarth has not shared or agreed to

share any compensation or expense reimbursement as a result of the Case with any person, firm

or entity.  No agreement or understanding exists between Seyfarth and any other person, firm or

entity concerning the sharing of compensation or expense reimbursement received, or to be

received, on account of the Case.

## V.  RELIEF REQUESTED

WHEREFORE Seyfarth respectfully requests that the Court enter an Order:

A.     Allowing Seyfarth final compensation in the total amount of $14,263.00;

B.     Allowing Seyfarth reimbursement of expenses in the amount of $309.75; and

C.     Granting such other and further relief as this Court deems proper.

Dated:  June 11, 2012                          Respectfully submitted,

GUS A. PALOIAN, not individually or
personally, but solely in his capacity as the
Chapter 7 Trustee of  the Debtor's Estate,


By:/s/ Gus A. Paloian_____
        Gus A. Paloian (06188186)
        James B. Sowka (6291998)
        SEYFARTH SHAW LLP
        131 South Dearborn Street
        Suite 2400
        Chicago, Illinois 60603
        Telephone:  (312) 460-5000
        Facsimile:  (312) 460-7000

14420117v.1

**Exhibit 1**

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| In re: | ) Case No. 09-B-19004-SPS |
| | ) Chapter 7 |
| CARDIOLOGY CONSULTANTS OF | ) |
| NORTHWESTERN, PC, | ) Hon. Susan Pierson Sonderby |
| | ) |
| Debtor. | ) |
| | ) |

**ORDER AUTHORIZING AND APPROVING RETENTION
AND EMPLOYMENT OF SEYFARTH SHAW LLP AS
COUNSEL TO CHAPTER 7 TRUSTEE GUS A. PALOIAN**

This matter having been presented to the Court upon the Application of Gus A. Paloian,

not individually, but solely in his capacity as the Chapter 7 Trustee (the "Trustee") of the

bankruptcy estate (the "Estate") of the above-captioned debtor, and upon the accompanying

Affidavit of James B. Sowka (the "Sowka Affidavit"), for an order authorizing the employment

of Seyfarth Shaw LLP ("Seyfarth") as counsel to represent the Trustee in the above-captioned

case (the "Case"); and it appearing to the Court that proper notice of this Application has been

provided pursuant to applicable rules and statutes and that no further notice is necessary or

required; and the Court being satisfied based on *and that* the representations made in the Application and

the accompanying Sowka Affidavit that, except as set forth therein, Seyfarth does not represent

any interest that is adverse to the Estate and is disinterested under Section 101(14) of the

Bankruptcy Code, and that its employment is necessary and is in the best interests of the Estate;

and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED that the Application is granted; and it is further

ORDERED, that in accordance with 11 U.S.C. §§ 105(a), 327(a) and (d), and 328(a), the

Trustee is authorized and empowered to retain and employ Seyfarth as his counsel effective as of

May 27, 2009, on the terms and conditions (the "Terms and Conditions") set forth in the

Application and the Sowka Affidavit attached to the Application, and Seyfarth is authorized to

perform all of the legal services for the Trustee referenced in the Application on such Terms and

Conditions, and it is further

ORDERED, that Seyfarth's compensation and reimbursement in respect of its fees and

expenses incurred representing the Trustee shall be subject to further order of the Court in

accordance with the procedures and standards set forth in sections 330 and 331 of the Code, such

Federal Rules of Bankruptcy Procedure as may be applicable from time to time, and such

procedures as may be fixed by order of this Court.

Dated: _____ DEC 0 8 2009 _____

_____
HONORABLE SUSAN PIERSON SONDERBY
UNITED STATES BANKRUPTCY JUDGE

- 2 -

# Exhibit 2

14420117v.1



## Gus A. Paloian
*Partner*
Chicago
Direct: (312) 460-5936
Fax: (312) 460-7936
gpaloian@seyfarth.com
vCard

## Biography

**Practices & Sectors**

**Bankruptcy, Workouts & Business Reorganization**

Bankruptcy Litigation

Distressed Transactions

Non-Bankruptcy Remedies

Government Contracts

Commercial Litigation

Real Estate

Development & Construction

Debtor Representation

Mr. Paloian is a partner with a practice emphasis in creditors' rights, bankruptcy, and financial litigation. Prior to joining the Firm in 1985, Mr. Paloian clerked for the Honorable Frederick J. Hertz, United States Bankruptcy Judge for the Northern District of Illinois, Eastern Division.

In bankruptcy matters, Mr. Paloian has often represented national banks and finance companies enforcing their remedies and defending their rights. He has represented financial institutions in cases involving debtors in various segments of the manufacturing and service industries and has extensive experience representing financial institutions in real estate bankruptcies, including health club/sporting facilities, office buildings, manufacturing, and warehousing facilities. Mr. Paloian also represents companies in various industries that have experienced financial problems and seek to restructure their financial problems under the Bankruptcy Code. Mr. Paloian was the lead bankruptcy counsel for the Chicago South Shore and South Bend Railroad in its bankruptcy proceedings. Mr. Paloian also serves as a bankruptcy trustee and is a member of the Panel of Trustees for the Northern District of Illinois, Eastern Division.

## Education

- J.D., DePaul University College of Law (1984)
  *cum laude*
- B.A., Northwestern University (1981)
- Certified Lean Six Sigma Yellow Belt

## Admissions

- Illinois

## Affiliations

- American Bankruptcy Institute
- Turn Around Management Association
- National Association of Bankruptcy Trustees
- Chicago Bar Association (Bankruptcy Committee)
- Illinois Bar Association
- American Bar Association

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.



### James B. Sowka
*Associate*
Chicago
Direct: (312) 460-5325
Fax: (312) 460-7325
jsowka@seyfarth.com | vCard

---

## Biography

**Practices & Sectors**

**Bankruptcy,
Workouts &
Business
Reorganization**

Bankruptcy Litigation

Debtor
Representation

Insurance

Mr. Sowka is a senior associate in the Chicago office of Seyfarth Shaw LLP.  He practices in the areas of bankruptcy law, creditor rights, and commercial and real estate litigation in both federal and state court.  His client representations include secured lenders, trade creditors, insurers, real property lessors, chapter 7 and chapter 11 bankruptcy trustees, and preference action defendants.  Mr. Sowka is also a member of the Seyfarth*Lean* initiative for landlord-tenant issues in retail bankruptcy cases.  Seyfarth*Lean* adopts Lean Six Sigma methodologies through application of a process-driven methodology that involves mapping the delivery of services in order to identify efficiencies and to better predict costs for our clients.

Prior to joining the firm, Mr. Sowka worked as a trial attorney for the U.S. Department of Justice, Office of the U.S. Trustee in both Chicago, Illinois and Miami, Florida where he gained significant experience with bankruptcy asset sales, chapter 11 plan confirmations, chapter 11 trustee and examiner appointments, and investigation and prosecution of bankruptcy fraud and abuse.

Mr. Sowka is an active member of the bar in Illinois and Florida.  At the University of Arizona College of Law, Mr. Sowka was a member of the national moot court team and a judicial extern for the Honorable John F. Kelly in Pima County Superior Court in Tucson, Arizona.

## Education

- J.D., University of Arizona College of Law (2004)
- B.A., University of Illinois (1998)
  Phi Kappa Phi; College Honors

## Admissions

- Florida
- Illinois

## Courts

- U.S. District Court for the Northern District of Illinois
- U.S. Court of Appeals for the Seventh Circuit
- U.S. District Court for the Southern District of Florida

## Affiliations

Chicago Bar Association

- Director, Young Lawyers Section (2011-2012)
- Co-Chair, Young Lawyers Section Bankruptcy Committee (2008-2011)

Bankruptcy Court Liaison Committee, Northern District of Illinois

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- Representative of the Office of the U.S. Trustee (2007-2008)

American Bankruptcy Institute

## Presentations

- "Commercial Real Estate in Distress" Chicago Bar Association Young Lawyers Section Bankruptcy Seminar (October 7, 2010)
- "Mortgage Fraud," presented by the Office of the United States Trustee, Chicago Bar Association Young Lawyers Section Bankruptcy Committee Meeting (2008)

## Publications

- Author, " U.S. Supreme Court Resolves Circuit Split In Favor Of Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy Cases," One Minute Memo - Seyfarth Shaw (June 4, 2012)
- Co-author, "Not All Retirement Plans Are Created Equal - ERISA Top-Hat Plans Constitute Property of the Bankruptcy Estate," *American Bankruptcy Institute Journal* (September 2011)
- Co-author, "Seventh Circuit Upholds Secured Lenders' Credit-Bid Rights In Chapter 11 Bankruptcy," Seyfarth Shaw *One Minute Memo* (July 15, 2011)
- Co-author, "Lenders' Right to Credit Bid Tested Before 7th Circuit" *The National Law Journal* (November 29, 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated,
attorneys listed in this Web site are not certified by the Texas Board of
Legal Specialization.



**Ryan Pinkston**
*Associate*
Chicago
Direct: (312) 460-5578
Fax: (312) 460-7578
rpinkston@seyfarth.com
vCard

---

## Biography

**Practices & Sectors**

**Commercial Litigation**

Bankruptcy, Workouts & Business Reorganization

Mr. Pinkston is a bankruptcy associate in the Chicago office of Seyfarth Shaw LLP.  Mr. Pinkston's practice focuses on bankruptcy litigation, creditor rights, corporate reorganizations, pre-bankruptcy planning and negotiations, and commercial litigation.  Among other representations, Mr. Pinkston serves as counsel for secured lenders, insurance companies, national banks, trade creditors, and chapter 7 and chapter 11 bankruptcy trustees.  He has represented clients in both state and federal trial and appellate courts in such diverse areas as commercial real estate foreclosure, mass torts, insurance coverage disputes, chapter 11 plan confirmation, bankruptcy asset sales, preference and fraudulent transfer prosecution and defense, breach of contract, and civil rights.

Mr. Pinkston was recognized as a member of Seyfarth Shaw's 2010 Pro Bono Team of the Year and as runner-up for 2010 Pro Bono Associate of the Year.  He is also an active member and committee chair on the Associate Board of Ambassadors for the American Cancer Society of Illinois.

### Education

- J.D., Indiana University - Bloomington (2008)
  *magna cum laude*
  Articles Editor, *Federal Communications Law Journal*
  Order of the Coif
  Dean's List (2005-2008)
- B.A., Washington University in St. Louis (2005)

### Admissions

- Illinois

### Courts

U.S. District Courts for the Northern, Central, and Southern Districts of Illinois

### Affiliations

- Chicago Bar Association
- American Cancer Society of Illinois, Associate Board of Ambassadors (Chair, Discovery Ball Sub-Committee)
- Turnaround Management Association

### Presentations

- Co-presenter, "Practice Pointers in Preference Litigation," Chicago Bar Association (April 5, 2011)

### Publications

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

- Co-author, "Second Circuit's Opinion May Insulate Payments Previously Beyond Bounds Of Bankruptcy Code Section 546(e)," *Seyfarth Shaw One Minute Memo* (September 7, 2011)

- Co-author, "Identifying Corporate and Personal Liability: Issues for D&Os in the Zone of Insolvency," *Business Law & Governance* (June 2011)

- Co-author, "The Implied Warranty of Habitability in Illinois: A Critical Review," 98 *Illinois Bar Journal* 92 (February 2010)

Copyright © 2012 Seyfarth Shaw LLP. Unless otherwise indicated, attorneys listed in this Web site are not certified by the Texas Board of Legal Specialization.

# Exhibit 3

14420117v.1

## A  --  CASE ADMINISTRATION

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 06/08/09 | N. Bouchard | Revise letter to Debtor's counsel regarding request of documents for the July 8, 2009 Section 341 Meeting of Creditors (.10); oversee service of same (.10). | 0.20 | 21.00 |
| 07/10/09 | N. Bouchard | Conversation with G. Paloian regarding collection of funds (.10); phone call to Andy Kokosa regarding collection of accounts receivable (.10); review Chase bank account statements (.20); prepare letter to Chase bank regarding turnover of funds (.40). | 0.80 | 84.00 |
| 07/13/09 | J. McManus | Review Schedules regarding Debtor's bank accounts (.20); discuss same with N. Bouchard (.20). | 0.40 | 92.00 |
| 07/13/09 | N. Bouchard | Phone conversations with Andy Kokosa regarding collection of funds and retention of services (.60); conversation with G. Paloian regarding same (.10). | 0.70 | 73.50 |
| 07/14/09 | N. Bouchard | Follow-up phone conversation with Andy Kokosa regarding collection of Debtor's accounts receivables (.30); email correspondence to Debtor's counsel regarding bank accounts listed on the Debtor's Schedules (.50); conversation with G. Paloian regarding same (.10). | 0.90 | 94.50 |
| 07/15/09 | G. Paloian | Telephone conference with collection agent regarding future services (.40); review application to retain (.20). | 0.60 | 324.00 |
| 07/15/09 | J. McManus | Review creditor listing regarding retention matters (.20); confirm debtor's bank accounts (.20); telephone conference with turnover of Citibank funds (.10). | 0.50 | 115.00 |
| 07/15/09 | N. Bouchard | Phone call with Andy Kokosa regarding turnover of funds (.10); prepare motion to retain Medi-Data Services, Ltd for G. Paloian (1.00); prepare declaration of Andy Kokosa regarding same (.40). | 1.50 | 157.50 |
| 07/16/09 | N. Bouchard | Review and proofread draft retention motion regarding Medi-Data Service, Ltd. | 0.50 | 52.50 |
| 07/21/09 | N. Bouchard | Prepare and mail correspondence to Citibank regarding turnover of funds (.30); prepare correspondence to Bank of America regarding turnover of funds (.20); phone call to Debtor's counsel regarding branch location and contact information regarding same (.20); multiple phone calls to Citibank and JP Morgan Chase regarding deposit of funds recovered from Medi-Data Services (1.50); phone conversations (2) with Mark Evans at Epiq Systems regarding same (.30). | 2.50 | 262.50 |
| 07/22/09 | N. Bouchard | Finalize letter to Bank of America regarding turnover of funds. | 0.20 | 21.00 |
| 08/12/09 | J. McManus | Confer with N. Bouchard regarding case status. | 0.10 | 23.00 |
| 09/08/09 | J. McManus | Prepare case status report for meeting with G. Paloian. | 0.20 | 46.00 |
| 09/21/09 | G. Paloian | Telephone conference with D. Dodge regarding sale of medical equipment. | 0.20 | 108.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 09/23/09 | G. Paloian | Telephone conference with Don Dodge regarding auction of medical equipment. | 0.20 | 108.00 |
| 09/30/09 | G. Paloian | Analyze receivables collection. | 0.20 | 108.00 |
| 11/04/09 | N. Bouchard | Phone conversation with Andy Kokosa regarding remaining collections (.20); phone call to representative at KCA Financial Services regarding same (.10). | 0.30 | 31.50 |
| 11/18/09 | J. McManus | Assist with preparation of Sowka Affidavit. | 0.20 | 46.00 |
| 11/23/09 | N. Bouchard | Prepare Trustee's motion to retain Seyfarth Shaw (.50); prepare Sowka affidavit regarding same (.60). | 1.10 | 115.50 |
| 11/30/09 | J. Sowka | Review and revise application for employment of Seyfarth Shaw and accompanying affidavit and proposed order. | 0.30 | 93.00 |
| 11/30/09 | N. Bouchard | Finalize motion to retain Seyfarth Shaw as Trustee's counsel (.30); cause same to be filed with the Bankruptcy Court (.20); oversee service of same (.30). | 0.80 | 84.00 |
| 12/08/09 | M. Pinkston | Represent Trustee at hearing on Trustee's motion to retain Seyfarth Shaw as counsel in bankruptcy case | 0.70 | 196.00 |
| 12/08/09 | M. Pinkston | Review Trustee's motion for retention of Seyfarth Shaw as counsel in bankruptcy case in preparation for hearing on same | 0.80 | 224.00 |
| 12/11/09 | J. McManus | Revise service list. | 0.20 | 46.00 |
| 01/27/10 | N. Bouchard | Phone call to U-Stor-It regarding Trustee's payment of storage fees. | 0.10 | 11.00 |
| 04/20/10 | N. Bouchard | E-mail correspondence to Dr. Sharma regarding payment for medical equipment (.10); conversation regarding same (.10). | 0.20 | 25.00 |
| 04/21/10 | N. Bouchard | Phone conversation with manager of U-Stor-It regarding access for Dr. Sharma to remove medical equipment and office supplies (.20); two phone conversations with Dr. Sharma regarding payment and removal of items from same (.20). | 0.40 | 50.00 |
| 04/23/10 | N. Bouchard | Phone conversation with Dr. Sharma regarding transfer of keys and access code regarding sale of medical equipment (.20); meet with same regarding delivery of keys and code (.20). | 0.40 | 50.00 |
| 08/31/10 | J. McManus | Prepare Motion to Retain Accountant. | 0.50 | 117.50 |
| 09/01/10 | A. Shepro | Confer via phone with debtors' counsel regarding debtors tax returns. | 0.10 | 8.00 |
| 09/15/10 | J. McManus | Revise Motion to Retain Accountant (.40); confer with Debtor's counsel regarding 2007 tax return (.10). | 0.50 | 117.50 |
| 09/16/10 | A. Shepro | Confer via email with debtor's counsel and J McManus regarding debtor tax returns filed in 2007. | 0.30 | 24.00 |
| 10/13/10 | A. Shepro | Confer with L. Ottenheimer about obtaining debtor's 2007 tax returns. | 0.20 | 16.00 |

14374342v.2

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 12/14/10 | J. McManus | Prepare Motion to Retain Accountant. | 0.50 | 117.50 |
| 02/21/11 | J. McManus | Revise retention motion regarding employment of accountant. | 0.30 | 73.50 |
| 03/07/11 | A. Shepro | Confer with J. McManus regarding motion to retain Lois West, CPA (.10); edit same motion (.40). | 0.50 | 42.50 |
| 03/07/11 | J. McManus | Confer with A. Shepro regarding finalizing accountant retention motion. | 0.10 | 24.50 |
| 03/08/11 | A. Shepro | Edit Motion to Retain Lois West, CPA (.50); compile document with Service List and Exhibit (.20); create proposed order for same motion (.20). | 0.90 | 76.50 |
| 03/08/11 | J. McManus | Review and revise retention motion  for Trustee's accountant (.10); confer with A. Shepro regarding same (.10). | 0.20 | 49.00 |
| 03/09/11 | M. Pinkston | Review and revise motion for authority to retain accountant | 0.30 | 99.00 |
| 03/10/11 | A. Shepro | Edit motion to retain Popowcer Accounting per R. Pinkston's edits (.50); file motion (.30); and serve (.9). | 1.70 | 144.50 |
| 03/10/11 | M. Pinkston | Review and revise application to retain accountant | 0.10 | 33.00 |
| 04/05/11 | M. Pinkston | Attend hearing on trustee's motion to retain accountants | 0.10 | 33.00 |
| 05/12/11 | J. Sowka | Review phone message from R. Jackson regarding retention of accountant (.10); confer with J. McManus regarding same (.10). | 0.20 | 75.00 |
| 05/13/11 | A. Shepro | Update Labels with current mailing recipient addresses for future filings. | 0.10 | 8.50 |
| 06/29/11 | M. Pinkston | Telephone conference with counsel for principal of debtor regarding retention of accountant and tax returns | 0.10 | 33.00 |
| 01/30/12 | A. Shepro | Investigate case and individual's name on tax return and their relation to Debtor. | 0.20 | 18.00 |
| | | **TOTALS** | **22.10** | **$3,773.00** |

## C  FEE APPLICATIONS

| Date | Timekeeper | Description | Hours | Value |
|------|------------|-------------|-------|-------|
| 01/30/12 | J. McManus | Review time detail for preparation of fee application for case closing. | 0.40 | 102.00 |
| 03/16/12 | R. Knapp | Edit time detail in preparation of attachment to final fee application | 0.50 | 120.00 |
| 04/16/12 | R. Knapp | Prepare Seyfarth final fee application (2.00); coversheet (.10); proposed order (.10); review/edit same (.30). | 2.50 | 600.00 |
| | | **TOTALS** | **3.40** | **$ 822.00** |

14374342v.2

## S  SALE OF ASSETS

| Date | Timekeeper | Description | Hours | Value |
|------|------------|-------------|-------|-------|
| 08/18/09 | G. Paloian | Telephone conferences regarding sale of equipment and storage. | 0.60 | 324.00 |
| 08/26/09 | G. Paloian | Telephone conferences regarding purchase interest; telephone conferences with storage facility regarding access. | 0.60 | 324.00 |
| 09/01/09 | G. Paloian | Telephone conferences with storage facility regarding storage lease, rents, access; telephone conferences with interested parties' offer of purchase. | 0.70 | 378.00 |
| 09/02/09 | G. Paloian | Telephone conference regarding storage facility access and rental payments (.10); telephone conferences (2x) with interested purchaser regarding process and purchase price (.40). | 0.50 | 270.00 |
| 09/04/09 | G. Paloian | Telephone conferences regarding interest in equipment; telephone conferences with storage facility regarding access. | 0.50 | 270.00 |
| 09/04/09 | N. Bouchard | Conversation with storage facility regarding Trustee's investigation of Debtor's medical equipment (.20); perform Westlaw search for UCC1 statements filed for equipment listed on Debtor's schedules (.50); email correspondence to Debtor's counsel regarding contact information for Lynn Ziopoulos (.10) | 0.80 | 84.00 |
| 09/08/09 | G. Paloian | Telephone conferences regarding storage facility, lease on EKG equipment and consent to sell; telephone conferences regarding access to facility and number of units; telephone conference with Lynn Zoiapoulus regarding credit for unit and interested parties. | 0.90 | 486.00 |
| 09/08/09 | N. Bouchard | Phone conversations with Baytree Leasing regarding sale of medical equipment (.20); phone call to Bank of the West regarding same (.20). | 0.40 | 42.00 |
| 09/09/09 | G. Paloian | Telephone conferences regarding interest in equipment and telephone conferences regarding access to equipment; telephone conferences regarding lessor interest in equipment to be sold. | 1.00 | 540.00 |
| 09/09/09 | N. Bouchard | Multiple phone calls and arrangements with Terri Santiago at U-Stor-It regarding asset investigation for G. Paloian. | 1.00 | 105.00 |
| 09/10/09 | G. Paloian | Telephone conferences with storage facility regarding access issues (.30); telephone conferences with potential purchaser of equipment (.30). | 0.60 | 324.00 |
| 09/11/09 | N. Bouchard | Conversation with Lynn Zoiopoulos regarding letter to authorize Trustee to review contents of storage facility. | 0.20 | 21.00 |
| 09/14/09 | G. Paloian | Conference regarding authorization to access facility. | 0.20 | 108.00 |
| 09/14/09 | N. Bouchard | Phone conversation with manager at storage facility regarding Trustee's authorization to view Debtor's locker. | 0.20 | 21.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 10/09/09 | N. Bouchard | Follow-up phone calls to potential buyers regarding Debtor's medical equipment for same. | 0.20 | 21.00 |
| 10/13/09 | N. Bouchard | Phone conversations with representative for Wells Fargo Bank regarding sale of Debtor's collateral (.20); follow-up phone calls to potential buyers regarding same (.20); review file for list of Debtor's medical equipment (.20); e-mail to Debtor regarding potential buyers of same (.10). | 0.70 | 73.50 |
| 10/26/09 | G. Paloian | Investigate potentially interested parties. | 0.20 | 108.00 |
| 11/02/09 | N. Bouchard | Email to Lynn Ziopoulos regarding contact information of potential buyers of medical equipment. | 0.10 | 10.50 |
| 11/12/09 | N. Bouchard | Research auctioneer services regarding liquidation of medical equipment for G. Paloian | 0.30 | 31.50 |
| 11/17/09 | N. Bouchard | Phone conversation with area manager at U-Stor-It regarding inventory of medical equipment (.20); phone conversation with interested buyer regarding same (.20). | 0.40 | 42.00 |
| 11/18/09 | N. Bouchard | Follow-up phone call to U-Stor-It regarding inventory of medical equipment (.10); conversation with area manager regarding same (.10). | 0.20 | 21.00 |
| 11/19/09 | N. Bouchard | Phone conversation with interested buyer of medical equipment (.20); phone call to area manager at U-Stor-It regarding inventory of unit (.10); phone call to Lynn Ziopoulos regarding contents of storage unit (.10). | 0.40 | 42.00 |
| 11/20/09 | N. Bouchard | Phone conversation with Dr. Sharma regarding confirmation of date and time to review medical equipment with J. Sowka (.10); phone conversation with representative at U-Stor-It regarding same (.20); purchase camera for J. Sowka to inventory medical equipment (.20). | 0.50 | 52.50 |
| 11/20/09 | J. Sowka | Confer with N. Bouchard regarding arrangements to examine debtor's assets with potential purchaser. | 0.20 | 62.00 |
| 11/23/09 | N. Bouchard | Multiple phone conversations with Dr. Sharma regarding appointment to view medical equipment. | 0.30 | 31.50 |
| 11/23/09 | J. Sowka | Confer with storage site management regarding access to debtor's assets. | 0.60 | 186.00 |
| 11/23/09 | J. Sowka | Travel to storage site of debtor's assets to conduct inventory. | 0.40 | 124.00 |
| 11/23/09 | J. Sowka | Return from debtor's storage site. | 0.30 | 93.00 |
| 11/23/09 | J. Sowka | Review file and case docket in preparation for site visit to conduct inventory of debtor's assets. | 0.20 | 62.00 |
| 11/24/09 | J. Sowka | Confer with N. Bouchard regarding placing calls to Debtor and storage site management to determine how to access storage locker. | 0.10 | 31.00 |
| 11/30/09 | N. Bouchard | Phone conversation with area manager at U-Stor-It regarding removal overlock on Debtor's storage unit. | 0.20 | 21.00 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 11/30/09 | J. Sowka | Confer with N. Bouchard regarding access to the medical equipment in storage locker. | 0.10 | 31.00 |
| 12/01/09 | N. Bouchard | E-mail correspondence to Lynn Zoiopoulous attaching photographs of storage unit regarding entry to inventory medical equipment (.10); telephone conversation with Lynn Zoiopoulous regarding same (.20); telephone conversation with area manager at U-Stor-It regarding same (.10); telephone call to interested buyer regarding plans to reschedule time and date to view contents of unit (.20). | 0.60 | 63.00 |
| 12/01/09 | J. Sowka | Review email from N. Bouchard regarding communications with Debtor to obtain key for access to storage locker. | 0.10 | 31.00 |
| 12/07/09 | N. Bouchard | Communications with Lynn Zoiopolous regarding removal of storage unit lock (.20); conversation with U-Stor-It employee regarding fees due for December rent (.10). | 0.30 | 31.50 |
| 12/08/09 | J. Sowka | Exchange emails with N. Bouchard regarding scheduling of meeting with potential purchaser of the medical equipment. | 0.10 | 31.00 |
| 12/11/09 | J. Sowka | Draft inventory list. | 0.80 | 248.00 |
| 12/11/09 | J. Sowka | Review and organize electronic files of photos of assets. | 0.30 | 93.00 |
| 12/11/09 | J. Sowka | Return trip from Debtor's storage facility. | 0.20 | 62.00 |
| 12/11/09 | J. Sowka | Travel to debtor's storage facility to meet with potential purchase of assets and inventory same. | 0.20 | 62.00 |
| 12/11/09 | J. Sowka | Take photographs and inventory of debtor's assets at storage facility. | 1.80 | 558.00 |
| 12/11/09 | J. Sowka | Meet with Dr. Sharma regarding potential purchase of debtor's medical equipment. | 0.30 | 93.00 |
| 12/14/09 | N. Bouchard | Phone conversations with Dr. Sharma regarding his interest in purchasing medical equipment (.20); research regarding value of medical equipment (.70); email to Lynn Ziopolous regarding same (.10). | 1.00 | 105.00 |
| 12/14/09 | J. Sowka | Exchange emails with G. Paloian regarding potential sale of assets. | 0.10 | 31.00 |
| 12/14/09 | J. Sowka | Draft email to G. Paloian and N. Bouchard regarding inventory list and photos. | 0.10 | 31.00 |
| 12/17/09 | N. Bouchard | Follow-up email regarding status of UCC search on Debtor (.10); review report of same (.20). | 0.30 | 31.50 |
| 12/22/09 | N. Bouchard | Phone conversation to Dr. Sharma regarding interest in medical equipment (.20); email list of inventory to same (.10); review UCC results (.10). | 0.40 | 42.00 |
| 12/29/09 | N. Bouchard | Phone conversation with Dr. Sharma regarding interest purchasing all medical equipment from the Estate (.20); discuss same with J. Sowka (.10). | 0.30 | 31.50 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 12/31/09 | N. Bouchard | Research regarding value of secured medical equipment. | 0.20 | 21.00 |
| 01/05/10 | N. Bouchard | Correspondence to Dr. Sharma regarding formal offer to purchase assets of the estate (.70); phone conversation with same regarding same (.20); discuss same with G. Paloian (.10). | 1.00 | 110.00 |
| 01/06/10 | N. Bouchard | Counter offer with Dr. Sharma regarding purchase of assets (.20); discuss sale motion with R. Pinkston (.10). | 0.30 | 33.00 |
| 01/06/10 | M. Pinkston | Prepare motion for authorization and approval of sale of certain estate assets (.9); conference with N. Bouchard regarding same (.2) | 1.10 | 324.50 |
| 01/07/10 | M. Pinkston | Continue to prepare motion for authorization to sell debtor's assets (2.5); prepare proposed order authorizing sale of certain of debtor's assets (1.4) | 3.90 | 1,150.50 |
| 01/08/10 | N. Bouchard | Revise sale motion for R. Pinkston (.50); prepare service list for same (.30). | 0.80 | 88.00 |
| 01/08/10 | M. Pinkston | Exchange e-mail correspondence with N. Bouchard regarding service of motion for authorization to sell debtor's assets and purchase offer in connection with same | 0.10 | 29.50 |
| 01/12/10 | N. Bouchard | E-mail correspondence to Dr. Sharma regarding drafting a letter detailing his interest in purchasing assets from the Estate. | 0.10 | 11.00 |
| 02/01/10 | M. Pinkston | Conference with N. Bouchard regarding sale of estate assets and effect of UCC financing statements | 0.10 | 29.50 |
| 02/01/10 | N. Bouchard | Phone conversation with counsel for Wells Fargo regarding consent to payout regarding leased equipment (.20); revise draft sale motion for G. Paloian (.20). | 0.40 | 50.00 |
| 02/08/10 | M. Pinkston | Conference with N. Bouchard regarding motion for approval of sale of estate assets | 0.10 | 29.50 |
| 02/08/10 | M. Pinkston | Review and revise motion for approval of sale of estate assets | 0.30 | 88.50 |
| 02/08/10 | N. Bouchard | Revise sale motion (.50); discuss same with R. Pinkston (.10). | 0.60 | 75.00 |
| 02/10/10 | M. Pinkston | Review and revise motion for sale of assets | 0.40 | 118.00 |
| 02/10/10 | N. Bouchard | Revise sale motion for R. Pinkston. | 0.40 | 50.00 |
| 02/11/10 | M. Pinkston | Conference with N. Bouchard regarding purchase agreement (.2); review and revise same (.7) | 0.90 | 265.50 |
| 02/11/10 | N. Bouchard | Prepare purchase agreement regarding sale of medical equipment. | 1.80 | 225.00 |
| 02/12/10 | N. Bouchard | Revise purchase agreement for R. Pinkston (.50); finalize sale motion for G. Paloian's review (.10). | 0.60 | 75.00 |
| 02/23/10 | N. Bouchard | Telephone call with counsel to Wells Fargo bank regarding status of sale. | 0.10 | 12.50 |

| Date | Timekeeper | Description | Hours | Value |
|------|-----------|-------------|-------|-------|
| 03/02/10 | N. Bouchard | Assemble exhibits to sale motion for G. Paloian's review. | 0.20 | 25.00 |
| 03/03/10 | N. Bouchard | Revise sale motion for G. Paloian (.30); revise asset purchase agreement for same (.30); e-mail to Dr. Sharma regarding his approval and execution of draft asset purchase agreement (.20). | 0.80 | 100.00 |
| 03/15/10 | N. Bouchard | Revise asset purchase agreement (.20); finalize sale motion (.20). | 0.40 | 50.00 |
| 03/16/10 | N. Bouchard | Revise sale motion (.20); e-mail correspondence with R. Pinkston regarding hearing for same (.20); discuss purchase agreement with G. Paloian (.10); revise same (.20); e-mail revised purchase agreement to Dr. Sharma for additional review and consent of same (.30). | 1.00 | 125.00 |
| 03/18/10 | N. Bouchard | Additional revisions to sale motion (.20); prepare for service of same (.40). | 0.60 | 75.00 |
| 03/19/10 | N. Bouchard | Final revisions and assembly of sale motion (.20); cause same to be filed with the court (.30); assist with service of same (.20). | 0.70 | 87.50 |
| 04/13/10 | M. Pinkston | Review motion for order approving sale of estate assets free and clear pursuant to Section 363 in preparation for hearing (.7); represent Trustee at hearing on motion for order approving sale of estate assets (.7) | 1.40 | 413.00 |
| 04/13/10 | N. Bouchard | Revise proposed order authorizing Trustee to sell assets pursuant to Judge Sonderby's request (.10); arrange for same to be hand delivered to the Court (.20). | 0.30 | 37.50 |
| 04/16/10 | M. Pinkston | Telephone conference with Northwestern Memorial Hospital regarding service of motion for authority to sell assets of estate (.1); conference with N. Bouchard regarding same (.1) | 0.20 | 59.00 |
| 04/19/10 | N. Bouchard | E-mail to Dr. Sharma regarding sale of assets and payment to Estate (.10); phone conversation with same regarding method of payment (.10). | 0.20 | 25.00 |
| | | **TOTALS** | **39.50** | **$9,668.00** |

| Task | Description | Hours | Value |
|------|-------------|-------|-------|
| A | Case Administration | 22.10 | $3,773.00 |
| C | Fee Applications | 3.40 | $822.00 |
| S | Sale of Assets | 39.50 | $9,668.00 |
| | TOTAL | 65.00 | $14,263.00 |

# Exhibit 4

14420117v.1

## DISBURSEMENTS

**Outside Corporate Services**

| Date | Disbursements | Value |
|------|---------------|-------|
| 01/20/10 | Outside Corporate Services (lien/UCC)- CSC Cardiology Consultants of Northwestern PC | 58.35 |

**Copying**

| Date | Disbursements | Value |
|------|---------------|-------|
| 07/22/09 | Copying | 2.80 |
| 10/09/09 | Copying | 0.20 |
| 11/20/09 | Copying | 0.20 |
| 11/30/09 | Copying—Motion to Employ Attorneys | 81.60 |
| 01/05/10 | Copying | 0.20 |
| 02/12/10 | Copying | 0.40 |
| 03/02/10 | Copying | 0.40 |
| 03/19/10 | Copying—Motion for Authority to Sell Property | 103.00 |
| 04/13/10 | Copying | 3.20 |
| 03/10/11 | Copying—Motion to Employ Accountants | 51.20 |
| 04/15/11 | Copying | 1.60 |
| | TOTAL | $ 244.80 |

**Other**

| Date | Disbursements | Value |
|------|---------------|-------|
| 12/08/09 | Other -  CAMERA FOR JAMES SOWKA - INVENTORY ASSETS FOR TRUSTEE FOR LIQUIDATION 11/20/09 | 6.60 |

**Total Disbursements**                                                                309.75